IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VERGIL ANN JACKSON,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>RGIS INVENTORY SERVICES dba RGIS, LLC dba RGIS,<br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING MOTION FOR SERVICE OF PROCESS<br><br>Case No. 2:15-cv-0009-TS-BCW<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Brooke Wells |

*Pro se* Plaintiff Vergil Ann Jackson ("Plaintiff"), proceeding *in forma pauperis* filed the Complaint in this case on January 20, 2015.[1] On February 9, 2015, District Judge Ted Stewart referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. §636(b)(1)(B).[2] Before the Court is Plaintiff's Motion to Appoint Counsel[3] and Motion for Service of Process.[4] The Court has carefully reviewed these Motions and for the reasons set forth more fully below, **DENIES** Plaintiff's Motion to Appoint Counsel and **GRANTS** Plaintiff's Motion for Service of Process.

## ANALYSIS

While it is somewhat difficult to parse, Plaintiff's Complaint brings this case her former employer, RGIS Inventory Services alleging employment discrimination.

---

[1] Docket no. 3.
[2] Docket no. 8.
[3] Docket no. 4.
[4] Docket no. 5.

A.  **Plaintiff's Motion to Appoint Counsel**

Generally, as a civil litigant, Plaintiff has no constitutional right to counsel.[5]  28 U.S.C. § 1915, which pertains to proceedings *in forma pauperis* ("IFP Statute"), provides "[t]he court may request an attorney to represent any person unable to afford counsel."[6]  However, the appointment of counsel under this statute is within the discretion of the court.[7]  "The burden is upon the applicant requesting counsel to convince the court that there is sufficient merit to his [or her] claim to warrant the appointment of counsel."[8]  When deciding whether to appoint counsel, a court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his [or her] claims, and the complexity of the legal issues raised by those claims.'"[9]

At the outset, the Court notes Plaintiff's motion does not provide any reasons as to why this Court should appoint counsel in this case.  However, in undertaking the analysis of the foregoing factors with regard to appointment of counsel under the IFP Statute, the Court is mindful that Plaintiff is proceeding *pro se* and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[10]

In considering the foregoing factors, including the nature of the factual issues presented in Plaintiff's Complaint, the Court concludes for purposes of proceeding at this preliminary juncture, Plaintiff has presented an adequate legal and factual basis to persuade the Court that

---

[5] See Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989)(citing Bethea v. Crouse, 417 F.2d 504, 505 (10th Cir. 1969)).
[6] 28 U.S.C. § 1915(e)(1).
[7] See  McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985).
[8] Id. (citing U.S. v. Masters, 484 F.2d 1251, 1253 (10th Cir. 1973).
[9] Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)(quoting Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991).
[10] Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)(internal citations omitted); see also Ledbetter 318 F.3d 1183, 1187 (10th Cir. 2003).

Plaintiff's claims are at least plausible and rise above the speculative level.[11][12] However, the nature of the factual issues contained in Plaintiff's Complaint are not overly complex and the Court does not find Plaintiff to be incapacitated or unable to adequately pursue this matter at this stage in the litigation. Therefore, on balance, the Court finds Plaintiff has not persuaded the Court that counsel is required at this time and DENIES Plaintiff's Motion for Appointment of Counsel.

   B. **Plaintiff's Motion for Service of Process**

When a case is proceeding under the IFP statute, the officers of the Court are required to issue and serve all process and perform all duties related to service of process.[13] Based upon review of the Complaint, and the Court's finding that the Complaint has presented plausible causes of action, the Court concludes that official service of process is warranted and GRANTS Plaintiff's Motion.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

1) Plaintiff's Motion to Appoint Counsel[14] is **DENIED**. However, if, after the case develops further, it appears that counsel may be needed, without further prompting from Plaintiff, the Court will ask an attorney to appear pro bono on Plaintiff's behalf. No further motions for appointed counsel shall be accepted by the Court.

---

[11] See Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007)(internal citations omitted).
[12] The Court notes that Plaintiff has filed another case in this district against RGIS Inventory Services on the same date this case was filed. See 2:15-cv-00010-TS-BCW ('10 case"). On April 14, 2015, the undersigned issued an Order in the '10 case requesting Plaintiff amend her Complaint and show cause as to how the '10 case differs from the instant case. See 2:15-cv-10-TS-BCW, docket no. 14.
[13] See 28 U.S.C. § 1915(d).
[14] Docket no. 4.

2) Plaintiff's Motion for Service of Process[15] is **GRANTED**. Pursuant to 28 U.S.C. §1915(d), "the officers of the court shall issue and serve all process" in this case.

Defendants shall be served at the following addresses:

   a. RGIS, LLC
      c/o Registered Agent--Incorporating Services LTD, Inc.
      1108 South Union Ave.
      Midvale, UT 84047

   b. RGIS Inventory Services
      2000 East Taylor Road
      Auburn Hills, MI 48326

**IT IS SO ORDERED.**

DATED this 14 April 2015.

_Brooke C. Wells_
Brooke C. Wells
United States Magistrate Judge

---

[15] Docket no. 5.