IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VERGIL ANN JACKSON,<br><br>Plaintiff,<br>v.<br>RGIS INVENTORY SERVICES, dba<br>RGIS, LLC, dba RGIS,<br><br>Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:15-cv-9-TS-BCW<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Brooke Wells |

This case has been referred to Magistrate Judge Brooke C. Wells by District Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the Court are the following motions filed by Plaintiff Vergil Ann Jackson ("Plaintiff"):  (1) Motion for Rule 62 Stay of Proceedings to Enforce Judgment[2]; (2) Motion to Appoint Counsel[3]; (3) Motion to Change Venue[4] and (4) Motion for Default Judgment.[5]  Defendant RGIS, LLC ("RGIS") has filed a Motion to Dismiss.[6]  These motions have been fully briefed and/or the time for such briefing has lapsed.

Although Plaintiff has requested a hearing,[7] after review of the submissions, pursuant to Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the Court elects to determine these motions on the basis of the written memoranda and finds oral argument not to be necessary.

For the reasons set forth more fully below, the Court **DENIES** Plaintiff's Motion to Appoint Counsel, and Motion to Change Venue.  In addition, the Court issues the following

---

[1] Docket no. 8.
[2] Docket no. 7.
[3] Docket no. 30.
[4] Docket no. 31.
[5] Docket no. 33.
[6] Docket no. 36.
[7] Docket no. 24.

Report & Recommendation **RECOMMENDING** that Plaintiff's Motion for Default Judgment

be **DENIED,**  Defendant's Motion to Dismiss be **GRANTED,** and all remaining motions be

deemed moot.

<u>**BACKGROUND**</u>

Plaintiff is an African-American female formerly employed by Defendant RGIS

Inventory Services ("RGIS").  While Plaintiff's Complaint is somewhat difficult to decipher, it

appears Plaintiff filed this action because she alleges she was wrongfully terminated from her

employment with Defendant based upon her race.

On January 6, 2015, Plaintiff, who is *pro se*, filed a Motion for Leave to Proceed *in forma*

*pauperis*.[8]  On January 20, 2015, the undersigned granted Plaintiff's Motion[9] and Plaintiff filed

her Complaint.[10]  In her Complaint, Plaintiff brings two causes of action against RGIS:  (1)

unlawful termination in violation of Utah Code Ann. Section 34A-5-106 and (2) 42 U.S.C.

§1981.[11]  Specifically, Plaintiff alleges "discrimitory (sic) or prohibited employment practices,

A. Race, B. Color, Failure to Appear, Timeliness of Appeal, Fraudulent and falsified documents.

With discreditable witness', whom I had no chance to confront due to there not being any names

given."[12]  Plaintiff's Complaint states that the discrimination "occurred on or about 02/04/2009

thru 04/23/2009."[13]

Plaintiff's Complaint further states she has done the following to prosecute this matter

since her employment was terminated:

---

[8] Docket no. 1.
[9] Docket no. 2.
[10] Docket no. 3.
[11] *See* docket no. 3.
[12] *Id*. at p. 1-2.
[13] *Id*. at p. 2.

> I filed charges with the Anti-Discrimination Division of the Utah State Industrial Commission regarding the defendants' discriminatory conduct on or about 02/04/2009 thru 04/23/2009.
>
> I filed charges with the Equal Employment Opportunity Commission regarding the defendants discriminatory (sic) on or about 6/10/2009.[14]

From the documentation attached to Plaintiff's and RGIS's filings with the Court in relation to this case, the Court is able to further understand the full procedural history behind Plaintiff's discrimination claim against Defendants, including filings with the Utah Labor Commission, the Utah Court of Appeals and Utah Supreme Court. The Court will briefly summarize that history below in order to hopefully facilitate a better understanding of Plaintiff's filings and Defendants' arguments in favor of dismissal of Plaintiff's claims in the present lawsuit.

RGIS contracts with retail stores to conduct inventory audits of merchandise. Based on the inventory audits, the retail store is able to evaluate its stock, which items were selling and how much money was made or lost on the inventory. On July 3, 2007, Plaintiff was hired by RGIS as an auditor. Auditors generally traveled in teams to count merchandise at a particular store using a handheld single scan data collection device to count merchandise. Plaintiff did not work for RGIS from October through January each year. During the holiday months, the stores where inventory data was collected did not want the auditors conducting inventory audits and possibly miscounting the merchandise due to the high volume of sales. As a result, Plaintiff received unemployment compensation for the intervening months she did not work for RGIS over the holiday season each year.

In October, 2008, Mr. Bush, a district manager who is Caucasian replaced Plaintiff's previous supervisor. In February, 2009, Plaintiff returned to work after the holiday season.

---

[14] *Id.* at p. 3.

According to Plaintiff, she immediately began experiencing work-related problems with her new supervisor.  Judge Lima from the Utah Labor Commission, in a written order described the incidents that lead to Plaintiff's termination as follows:

> On April 20, 2009, Petitioner and her travel team traveled to Evanston, Wyoming to conduct inventory audits in retail stores.  On April 21, 2009, Petitioner was at the retail store at 7:00 a.m. and Mr. Bush assigned her to the jewelry department. Petitioner conducted an inventory audit in the department using a handheld single scan device. During the work shift Jennifer, Petitioner's coworker assigned to the shoe department, approached Petitioner and told her not to count the pre-scanned merchandise sheets because they were Jennifer's to scan into the computer, Jennifer then called Mr. Bush to the jewelry department to discuss the matter. Petitioner denied that she counted the pre-scanned merchandise and asserted that she scanned individual merchandise only.  Mr. Bush instructed…Petitioner to conduct an inventory audit in the optical department.  In Respondent's written statement, dated September 8, 2009, it reported that Mr. Bush walked the sales floor and located Petitioner counting CDs in the electronic and optical department and business center, Petitioner denied that she conducted audits in those departments or center against Mr. Bush's instructions.  She asserted Mr. Bush did not say one word to her if he thought she was not following his instructions. Petitioner denied that she was insubordinate or that she only counted areas in the retail store that she felt like counting.  Petitioner further denied that she was disruptive and unprofessional when she worked in the retail store that day. Petitioner asserted that Mr. Bush and Jennifer had "set up" Petitioner and Renee, her coworker that was fired on April 17, 2009, to fail and terminated them because both were African-American.

> On April 22, and 23, 2009, Petitioner conducted an inventory audit at Wal-mart in Vernal, Utah.  On April 23, 2009, Mr. Bush asked Petitioner to meet with him at the back of the retail store.  He gave Petitioner a letter which informed her that she was terminated for the incident that occurred on April 21, 2009.  The letter further informed Petitioner that she was disrespectful to the supervisor and coworkers and impossible to work with and control.  The letter contained Mr. Bush's signature and Mike Newton, area manager.  Petitioner attempted to discuss the letter with Mr. Bush but he refused to talk to her.  Petitioner and her team returned to Salt Lake City that evening.

> On April 24, 2009, Petitioner contacted Respondent's human resource department regarding her termination.  Respondent's Employee Handbook informs its employees to report discrimination complaints to the human resources department but no one listened to what Petitioner had to say.

### A. Utah Labor Commission & State Court Proceedings

On July 20, 2009, Plaintiff filed a Charge of Discrimination with the Utah Antidiscrimination Labor Division (UALD).  Plaintiff alleged violations under Utah Code Ann. § 34A-4-5-106 by taking certain employment actions against her up to and including termination. On March 16, 2010, the UALD issued a Determination and Order and found no cause to support Plaintiff's claim.  On April 15, 2010, Plaintiff filed a request for a de novo evidentiary hearing. On April 22, 2010, a Notice of Scheduling Conference was issued to the parties.  On May 26, 2010, a Scheduling Conference was held.  Petitioner appeared pro se and Respondent failed to appear.   On June 1, 2010, Plaintiff requested that RGIS be defaulted for failing to attend the conference.  On June 14, 2010, the Court issued an Order defaulting RGIS for not attending the conference.   The court then issued an Order and Notice of hearing instructing Plaintiff to present evidence regarding her claim at a hearing on July 26, 2010.

On June 22, 2010, RGIS filed a Motion to Set Aside Default.  On July 7, 2010, Respondent filed an Answer.  On July 12, 2010, RGIS field a Motion to Stay Formal Hearing. On July 22, 2010, RGIS filed a Request for Review of the July 12, 2010 Order Denying RGIS's Motion to Set Aside Default.   On July 26, 2010 a de novo hearing was held.   This evidentiary hearing went forward with RGIS excluded from presenting evidence and Plaintiff was the only individual that testified.

On October 21, 2010, Administrative Law Judge Lorrie Lima issued "Findings of Fact, Conclusions of Law and Order" which found that RGIS unlawfully discriminated against Plaintiff because of her race. Judge Lima's Order further ordered that RGIS "shall immediately reinstate Petitioner in the same position that she held on April 23, 2009, with the same work

duties that she was required to perform in that position and any other benefits that Respondent provides to other employees in the same position" and "[RGIS] shall immediately cease any discriminatory practices towards Petitioner."

RGIS then sought review of Judge Lima's Order denying its request for relief from default. The Appeals Board determined that RGIS had shown good cause for setting aside the default and remanded the matter to Judge Lima to hold a full evidentiary hearing on the complaint. Both RGIS and Plaintiff testified at the subsequent two-day evidentiary hearing. At the conclusion of that hearing, Judge Lima found Plaintiff did not present any evidence of racial animus or disparate treatment compared to coworkers of a different race and granted RGIS's motion to dismiss Plaintiff's Complaint for failing to establish a prima facie case of racial discrimination.

Plaintiff then appealed the court's decision to dismiss her complaint. On July 2, 2013, the Appeals Board of the Utah Labor Commission upheld the dismissal of Plaintiff's Complaint and agreed that Plaintiff had not presented any evidence that she was terminated due to her race as required under Utah Code Ann. §34A-5-106(1)(a)(i)(A). Next, Plaintiff appealed the Appeals Board's decision to the Utah Court of Appeals. On October 28, 2013, the Utah Court of Appeals ruled that Plaintiff "failed to state a substantial issue for review warranting further proceedings by this court." On March 31, 2014, the Utah Supreme Court denied Plaintiff's petition for writ of certiorari.

**B. EEOC Charge**

On October 7, 2014, the Equal Employment Opportunity Commission dismissed Plaintiff's claims stating "the EEOC has adopted the findings of the state or local fair

employment practices agency that investigated this charge."  The EEOC then advised Plaintiff of her rights to bring suit in federal court.

## ANALYSIS

### A.  Defendant's Motion to Dismiss

Defendant seeks dismissal of Plaintiff's claims based upon claim preclusion and statute of limitations concerns.  For the reasons discussed in more detail below, the Court agrees that Plaintiff's claims against Defendant should be dismissed.

To withstand a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'"[15]  There are two working principles under this standard.  First, "…a court must accept as true all of the allegations contained in a complaint," but need not accept legal conclusions.[16]  "Thus, mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[17]  Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss."[18]

In essence, a plaintiff must offer sufficient factual allegations to "raise a right to relief above the speculative level."[19]  "Determining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[20]  Therefore, in assessing a motion to dismiss, a court should disregard conclusory statements of law, even if they are couched as facts, and then consider

---

[15] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011)(quoting *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 570 (2007)).
[16] *Id*. (internal quotations omitted).
[17] *Id*. (quoting *Twombly*, at 555).
[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).
[19] *Twombly*, at 555.
[20] *Iqbal*, 556 U.S. at 679.

whether the remaining specific factual allegations, if presumed to be true, plausibly provide a claim that the defendant is liable.  Moreover, "the complaint should not be dismissed for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief."[21]

### A.  Claim Preclusion-Utah Code Ann. 34A-5-106.

Plaintiff's Complaint asserts two causes of action against RGIS:  (1) 42 U.S.C. § 1981 and Utah State Code Ann. 34A-5-106.  At the outset, the Court notes that RGIS argues that Plaintiff's claims under both Sections 34A-5-106 and 1981 are barred by res judicata because Plaintiff previously unsuccessfully litigated these same claims or substantially similar claims against RGIS in the state administrative and court proceedings.  Upon review, the Court notes that the state proceedings only specifically discussed Plaintiff's claims under Utah Code Ann. § 34A-5-106.  That being the case and because the Court finds Plaintiff's claims under Section 1981 to be barred on statute of limitations grounds (see further discussion below), the Court will not analyze whether Plaintiff's Section 1981 claim is barred by claim preclusion. The Court will only analyze Plaintiff's claims under Utah Code Ann. 34A-5-106 on claim preclusion grounds.

According to Defendant, "Jackson has already sued RGIS for unlawful termination under Section 34A-5-106 of the Utah Antidiscrimination Act before the Utah Anti-discrimination and Labor Division."[22]  That case "…was dismissed in final judgments that resulted in the resolution of Plaintiff's claims. The dismissal was affirmed by the Utah Court of Appeals and the Utah Supreme Court."[23]  Therefore, according to RGIS, the final judgment rendered in the state adjudicative process precludes Plaintiff from suing again for the same causes of action in a different venue.

---

[21] *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991)(internal citations omitted).
[22] Docket no. 36 a p. 2.
[23] *Id.*

Claim preclusion involves the same parties or their privies as well as the same cause of action and "precludes the re-litigation of all issues that could have been litigated as well as those that were, in fact litigated in the prior action."[24]  The purpose of claim preclusion is to preclude parties from contesting matters they have had a full and fair opportunity to litigate, protect their adversaries from the expense and vexation in having to attend multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions."[25]

In the 10th Circuit, in order for claim preclusion to bar a subsequent cause of action, three requirements must be met:  "(1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits."[26]

Here, at the outset, the Court notes that in her Opposition Memorandum Plaintiff seems to concede that this is the same Complaint that was filed previously.  In her opposition memorandum, Plaintiff states "…2010 Complaint That's the same Complaint in 2014. Admit."[27]  However out of an abundance of caution, the Court will analyze Plaintiff's Complaint under each three prongs of claim preclusion.

First, the Court finds Defendant's arguments that there was a judgment on the merits of Plaintiff's 34A-5-106 claim at the state level to be persuasive.  Specifically, Plaintiff's § 34A-5-106 claim was litigated to a final judgment with the Labor Commission after Plaintiff presented her claim through an evidentiary hearing.  In addition, Plaintiff litigated her claim not only in the administrative setting, but also appealed her claim to the fullest extent permitted under Utah law.

---

[24] *Schaer v. State*, 657 P.2d 1337, 1340 (Utah 1983)(quoting, *Searle Bros. v. Searle*, 588 P.2d 689, 690 (Utah, 1978))(emphasis added).

[25] *Montana v. United States*, 440 U.S. 147, 154-155 (1979); *see also Reeder v. Johnson*, 723 F.Supp. 1428, 1434 (D. Utah 1989)("…res judicata…encourage[s] reliance on judicial decision, …bar[s] vexatious litigation, and…free[s] courts to deal with other disputes.")(internal citations omitted).

[26] *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1202 (10th Cir. 2000)(quoting Yapp v. Excel Corp., 186 F.3d 1222, 1226 (10th Cir. 1999)).

[27] *See* docket no. 43.

As RGIS points out, "Jackson's claim was heard by every administrative and judicial court possible in the state of Utah and could not have received a more full or thorough review." Therefore, the Court agrees with RGIS's assertion that there was a final judgment in Plaintiff's case with regard to any claim she had under Utah State Code Ann. § 34A-5-106.  The first prong of the 10th Circuit's requirements for claim preclusion is met.

Next, the Court finds Plaintiff's Complaint meets the final two requirements of claim preclusion: (2) same parties in both suit and (3) identical cause of action in both suits.  Here, the same parties were involved in both cases, Plaintiff and RGIS.  Further, the same cause of action (Utah Code Ann. 34A-5-106) is involved in both actions.  Therefore, the Court finds based on claim preclusion, Plaintiff's claims under Utah Code Ann. 34A-5-106 are barred and should be dismissed.

### B.  Statute of Limitations, Section 1981 Claim

RGIS alleges that Plaintiff's Section 1981 claim is barred on a statute of limitations basis. Plaintiff's claims are based upon alleged conduct that took place between February 4, 2009 and April 23, 2009.[28]  "28 U.S.C. § 1658 dictates a four-year statute of limitations for any 'civil action arising under an Act of Congress' after December 1, 1990, including the statute at issue here, § 1981."[29]

Here, Plaintiff filed her Complaint on January 20, 2015-almost six years after the alleged conduct took place.  Therefore, even giving Plaintiff's complaint the most favorable reading and construing it liberally, any cause of action Plaintiff may have had under Section 1981 expired on

---

[28] Docket no. 3, a p. 3.
[29] *Fullwiley v. Union Pacific Corp.*, No. 2:04-cv-671-TS, 2006 WL 26615 at *2 (D. Utah  Feb. 1, 2006)(unpublished); *see Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369, 124 S.Ct. 1836 (2004)(holding that section 1981 claims arising out of 1991 amendment fall under the four-year statute of limitations found in 28 U.S.C. § 1658).

April 23, 2013.  Therefore, Plaintiff's claim under Section 1981 fails and should be dismissed as time-barred.

**B.  Plaintiff's Motion to Appoint Counsel**

On April 14, 2015, the undersigned issued a Memorandum Decision and Order denying Plaintiff's Motion for Appointment of Counsel.[30]  The Court noted that as a civil litigant, generally plaintiffs do not have a constitutional right to counsel.  Then, after examining the requisite factors courts in the 10th Circuit used to determine whether the Court should appoint an attorney for a *pro se* litigant, the Court found Plaintiff was not entitled to counsel.  However, the Court noted that "…if, after the case develops further, it appears that counsel may be needed, *without further prompting from Plaintiff*, the Court will ask an attorney to appear pro bono on Plaintiff's behalf.  No further motions for appointed counsel shall be accepted by the Court."

Despite this warning, on May 4, 2015, Plaintiff filed another "Motion to Appoint Counsel."[31]  Upon review and consideration the Court finds Plaintiff's Motion to Appoint counsel should be denied for the reasons stated in the Court's April 14th Order.  Namely, that Plaintiff has not made the requisite showing as to why she needs counsel.  Also, Plaintiff was ordered not to file another motion for counsel—which she had done here.  Lastly, Plaintiff's renewed motion for appointment of counsel does not present any new or additional evidence that demonstrates why counsel should be appointed.  Therefore, the Court again DENIES Plaintiff's Motion for Appointment of Counsel.

---

[30] Docket no. 11.
[31] Docket no. 30.

**C.  Plaintiff's Motion to Change Venue**

On April 16, 2015, Plaintiff filed a Motion to Transfer to District Court in U.S.[32]  On April 17, 2015, the Court denied Plaintiff's Motion.[33]  Upon review of Plaintiff's renewed Motion to Change Venue,[34] the Court finds Plaintiff has not presented any additional material evidence to sway the Court away from its earlier decision.  Therefore, in addition to recommending this case be dismissed on the merits by the District Court,  for essentially the same reasons as articulated in the April 17, 2015 Order, Plaintiff's Motion to Change Venue[35] is DENIED.

**D.  Plaintiff's Motion for Default Judgment**

Defendant filed an *ex parte* Motion to Extend Time to Respond to Complaint on April 29, 2015.[36]  Defendant's Motion was granted on April 30, 2015, giving Defendant until May 26, 2015 to respond to Plaintiff's Complaint.[37]   Defendant filed its Motion to Dismiss in response to Plaintiff's Complaint on May 15, 2015.[38]  Thus, Defendant filed its Opposition within the time permitted by Order of the Court.   Therefore, the Court finds no default is warranted and **RECOMMENDS** that the Motion for Default Judgment be **DENIED**.

## CONCLUSION & RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion to Appoint Counsel[39] be DENIED.

2.  Plaintiff's Motion to Change Venue[40] be DENIED.

---

[32] Docket no. 15.
[33] Docket no. 17.
[34] Docket no. 31.
[35] Docket no.
[36] Docket no. 21.
[37] Docket no. 22.
[38] Docket no. 36.
[39] Docket no. 30.

Further, for the foregoing reasons, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Dismiss[41] be GRANTED *with prejudice;*

2. Plaintiff's Motion for Default Judgment[42] be DENIED.

3. Plaintiff's Motion for Rule 62 Stay of Proceedings to Enforce a Judgment[43] be DENIED AS MOOT.

4. The District Court Order the Clerk of Court to close the case.

## <u>NOTICE</u>

Copies of this Report and Recommendation are being sent to all parties who are hereby notified of their right to objection.[44]  A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

DATED this 18 August 2015.

Brooke C. Wells
United States Magistrate Judge

---

[40] Docket no. 31.
[41] Docket no. 36.
[42] Docket no. 33.
[43] Docket no. 7.  Although the undersigned recommends that this motion be deemed moot based upon the recommendation that Plaintiff's Complaint be dismissed, the Court notes that it appears Plaintiff's motion is an attempt to enforce the default judgment that was granted and then later set aside by the Utah Labor Commission. Therefore, it appears this Motion is without merit as it is not this Court's role to either review the Utah Labor Commission's decision or enforce it.
[44] *See* 28 U.S.C. §636(b)(1).